# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MAGDA GAVILLAN,

          Plaintiff,

v.                               Case No. 6:20-cv-1598-JRK

KILOLO KIJAKAZI,[1]
Acting Commissioner of Social
Security,

          Defendant.
_____/

## OPINION AND ORDER[2]

### I. Status

Magda Gavillan ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of pulmonary hypertension, fibromyalgia, depression, and anxiety. See Transcript of Administrative Proceedings (Doc. No. 21; "Tr." or "administrative transcript"), filed April 13, 2021, at 964, 981, 1112.

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 23), filed April 14, 2021; Reference Order (Doc. No. 24), entered April 21, 2021.

On August 4, 2016, Plaintiff filed an application for DIB, alleging a disability onset date of June 20, 2014. Tr. at 1068-69.[3] Plaintiff later amended her alleged disability onset date to June 30, 2015. Tr. at 1070. The application was denied initially, Tr. at 964-79, 980, 1001-03, 1004, and upon reconsideration, Tr. at 981-99, 1000, 1006-10, 1011.

On May 21, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which she heard from Plaintiff, who represented herself.[4] See Tr. at 63-83. At the time of the hearing, Plaintiff was 50 years old. Tr. at 68. On November 22, 2019, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 40-54.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council, see Tr. at 1065-67, and submitted additional evidence in the form of a brief authored by Plaintiff's newly-retained representative and almost 900 pages of medical records and opinions, Tr. at 2, 5-6 (Appeals Council Orders and exhibit list), 1314-18 (brief), 16-36, 84-963 (medical records and opinions). On July 1, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, making the ALJ's Decision the final decision of the Commissioner. On August

---

[3] Although actually completed on August 4, 2016, see Tr. at 1068, the protective filing date of the DIB application is listed elsewhere in the administrative transcript as August 3, 2016, see, e.g., Tr. at 964, 981.

[4] A vocational expert ("VE") appeared for the hearing but did not testify. See Tr. at 63-83. Following the hearing, the VE was provided with interrogatories by the ALJ, to which the VE responded. See Tr. at 1301-11.

2

31, 2020, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff makes two arguments: 1) "the Appeals Council erred by not remanding the case to consider new and material evidence"; and 2) "the ALJ failed to properly evaluate [Plaintiff's] subjective statements." Joint Memorandum (Doc. No. 37; "Joint Memo"), filed September 28, 2021, at 25, 41. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for substantive consideration of the new evidence submitted to the Appeals Council.

On remand, an evaluation of the new evidence submitted to the Appeals Council may impact the Administration's consideration of Plaintiff's statements about her alleged symptoms and limitations. For this reason, the Court need not address Plaintiff's argument in this regard. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 43-54. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since June 30, 2015, the alleged onset date." Tr. at 43 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: fibromyalgia, anxiety disorder, depression, lumbar

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

4

degenerative disc disease, pulmonary hypertension, rheumatoid arthritis, obesity, asthma, and chronic obstructive pulmonary disease." Tr. at 43 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 43 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform a range of light work as defined in 20 [C.F.R. §] 404.1567(b) except she can only occasionally climb stairs and ramps and never climb ladders or scaffolds. [Plaintiff] can occasionally balance, stoop, kneel, crouch, and crawl. She can frequently finger and handle bilaterally. [Plaintiff] must avoid concentrated exposure to extreme heat and humidity, dust, odors, fumes, and other pulmonary irritants, vibrations, and hazards such as unprotected heights and moving mechanical parts. She is limited to understanding, remembering, and carrying out simple instructions. [Plaintiff] can only make simple, work-related decisions. She can only tolerate occasional change in work location, and is unable to work at a strict production rate.

Tr. at 45 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is unable to perform any past relevant work" as "a mortgage underwriter." Tr. at 52 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("46 years old . . . on the alleged disability onset date"), education ("at least a high school

5

education"), work experience, and RFC, the ALJ again relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as a "Cashier," a "Mailroom Clerk," and an "Office Assistant." Tr. at 52-53 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from June 30, 2015, through the date of th[e D]ecision." Tr. at 54 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court

6

to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

As noted, Plaintiff challenges the Appeals Council's decision to deny review in light of the new evidence presented to it. Joint Memo at 25-34. Plaintiff focuses on the opinion from treating psychiatrist, Jose D. Ruiz, M.D., see id. at 26-32, and on the opinion and corresponding evidence from treating pulmonologist, Francisco Remy, M.D. and treating nurse practitioner for rheumatology, Alissa Ledgerwood, ARNP, see id. at 32-33. Plaintiff contends the evidence, including the opinions, is new, material, relates to the relevant period, and carries a reasonable possibility of changing the administrative result. Id. at 25-34.

Responding, Defendant argues as to Dr. Ruiz's opinion that it "would not change the administrative result because of its inconsistency with substantial evidence of record," but Defendant recognizes that "a contrary conclusion may be possible." Id. at 38-39. As to the opinions of Dr. Remy and Ms. Ledgerwood,

7

Defendant asserts they also "are inconsistent with the substantial evidence of record" and "would not likely change the administrative result." Id. at 39.

With few exceptions, a claimant may present new evidence at each stage of the administrative process, including to the Appeals Council. See 20 C.F.R. §§ 404.900(b), 416.1400(b). When the Appeals Council is presented with evidence that was not before the ALJ, the Appeals Council must consider the evidence if it is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). In addition, a claimant must show good cause for submitting new evidence to the Appeals Council. See 20 C.F.R. §§ 404.970(b), 416.1470(b).

Although the Appeals Council is "not required to give a . . . detailed explanation or to address each piece of new evidence individually," Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1309 (11th Cir. 2018) (citing Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784 (11th Cir. 2014)), if the Appeals Council "erroneously refuses to consider evidence, it commits legal error and remand is appropriate," Washington v. Soc. Sec. Admin., Comm'r, 806 F.3d 1317, 1320 (11th Cir. 2015). "When a claimant properly submits new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." Banks for Hunter v. Comm'r,

8

Soc. Sec. Admin., 686 F. App'x 706, 709 (11th Cir. 2017) (citing Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1262 (11th Cir. 2007)).

Here, the Appeals Council recognized that Plaintiff submitted additional medical evidence and opinions but found as to the challenged evidence (including the opinions) that it "does not show a reasonable probability that it would change the outcome of the [D]ecision."[6] Tr. at 2. The Appeals Council elected "not [to] exhibit this evidence," in effect refusing to substantively consider it. Tr. at 2.[7]

The opinions at issue are as follows. As to Plaintiff's mental functioning, Dr. Ruiz authored an opinion on January 2, 2020 that, if accepted, would preclude all work from a mental health perspective. See Tr. at 16-20. Notably, he assigned a number of marked mental limitations, Tr. at 19, and opined Plaintiff would likely be absent from work more than three times per month as a result of her impairments and treatment, Tr. at 20. As to Plaintiff's physical impairments, Ms. Ledgerwood, who treated Plaintiff for rheumatology, authored an opinion on January 2, 2020 that is far more restrictive than the RFC assigned by the ALJ. Compare Tr. at 21-28 (Ms. Ledgerwood's opinion),

---

[6] The Appeals Council also found as to some evidence that is not at issue here that it did "not relate to the period at issue" because it post-dated the ALJ's Decision. Tr. at 2.

[7] Defendant only challenges whether the evidence at issue carries a reasonable possibility of changing the administrative result, so the other requirements for the Appeals Council to consider evidence (new, material, and relates to the relevant period) are deemed to have been met and are not substantively addressed.

9

with Tr. at 45 (RFC). Plaintiff's pulmonologist, Dr. Remy, on December 4, 2019 authored an opinion as to Plaintiff's functioning that is relatively consistent with the assigned RFC except that Dr. Remy stated Plaintiff would be incapacitated for 2-5 days after a pulmonary attack. Compare Tr. at 30-36 (Dr. Remy's opinion), with Tr. at 45 (RFC).

Dr. Ruiz's opinion, if accepted, would likely result in a finding of disability as to Plaintiff's mental functioning alone. Dr. Remy's opinion, if accepted as to the number of days Plaintiff would be incapacitated after a pulmonary attack, would also likely result in a finding of disability because it would probably preclude competitive employment. Ms. Ledgerwood's opinion, if accepted, would at the very least significantly alter the assigned RFC and may preclude all work. And, although not dispositive, the ALJ had no treating opinions regarding Plaintiff's functional limitations to consider or rely upon in the first instance. Tr. at 50-51. To the extent Defendant contends the opinions submitted to the Appeals Council are inconsistent with the evidence, a reasonable factfinder could find otherwise.[8] See Washington, 806 F.3d at 1322. For all of the foregoing reasons, the evidence submitted to the Appeals Council carries a reasonable possibility of changing the administrative result. See id. at 1321. The Appeals Council thus erred in refusing to substantively consider the

---

[8] It is for the SSA, not the undersigned, to determine whether to accept the opinions in the first instance.

evidence, and remand is required. See id. at 1320; 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Consider the additional evidence submitted to the Appeals Council;

(B) If appropriate, address the other issue raised by Plaintiff in this appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

11

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Standing Order on Management of Social Security Cases entered on December 7, 2021 in Case No. 3:21-mc-001-TJC (Doc. No. 43, ¶¶ 6, 8).

**DONE AND ORDERED** in Jacksonville, Florida on March 16, 2022.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record